**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | | |
|---|---|---|
| KEITH CARROLL, | ) | |
|     *Plaintiff,* | ) ) ) | |
| v. | ) ) | Case No.: 2:17CV00521 |
| ABNB FEDERAL CREDIT UNION, | ) ) ) | |
|     *Defendant.* | ) | |

**PLAINTIFF'S WRITTEN OBJECTIONS TO EVIDENCE IN SUPPORT OF PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

In support of its currently-pending Motion to Dismiss the Complaint (ECF #4), Defendant ABNB Federal Credit Union filed its Memorandum in Support ("Memorandum") thereof (ECF #5) on November 9, 2017. Plaintiff Keith Carroll ("Plaintiff") objects to the following portions of the Memorandum:

- "Over the past three months the Plaintiff, Mr. Keith Carroll, has filed at least twenty-three federal civil actions in Virginia against a plethora of credit unions. He alleges that his visual impairment makes it impracticable to for him to enjoy "full and equal access" to the credit union's Internet website, and that he has therefore been "deterred . . . on a regular basis from accessing [ABNB's] website." Complaint ¶ 15. Counsel for ABNB understands that scores if not hundreds of additional demand letters, threatening identical litigation, have been sent on Mr. Carroll's behalf by his lawyer at Pacific Trial Attorneys of Newport Beach to other Virginia credit unions, each threatening litigation "within two weeks" if a "confidential

resolution" is not achieved. Mr. Carroll has filed cases in the Alexandria, Newport News, and Richmond Divisions of this District, as well as in the Western District of Virginia. He has also expanded his demands into the State of Maryland with respect to Maryland credit unions." (Memorandum at 1).

- "For example, Mr. Carroll has sued Portsmouth Schools FCU, whose membership is limited to employees of Portsmouth Public Schools, their family members, and staff of Portsmouth Schools. He also has sued a federal credit union where membership is limited to current and former employees of, *inter alia,* the National Reconnaissance Office and the Central Intelligence Agency; a credit union whose membership is limited to current and former employees of a particular utility company and its contractors, and a credit union whose membership is limited to current and former members of military support organizations such as the National War College Alumni Association." (Memorandum at 6).

- "Mr. Carroll has sued credit unions whose members are required by federal law to live or work in Arlington; credit unions whose members are required to live or work in Richmond, and credit unions whose members are required to live or work in Roanoke." (*Id.*).

- "The home page of the ABNB website, and almost every other page of the website, contains the following banner running the width of the foot of the web page:

    > ABNB Federal Credit Union is committed to providing a website that is accessible to the widest possible audience in accordance with ADA standards and guidelines. We are actively working to increase

     accessibility and usability of our website to everyone. If you are using a screen reader or other auxiliary aid and are having problems using this website, please contact us at (757) 523-5300 or (800) 443-1141. All products and services available on this website are available at all ABNB Federal Credit Union branches. https://www.abnbfcu.org/ (last accessed 11/9/17) (emphasis added)."

 (Memorandum at 7-8).

  Plaintiff objects to the foregoing portions of the Memorandum for several reasons. First, "statements by counsel that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion." *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.* (4th Cir. 2011) 637 F.3d 435, 449 (citing *Dolgaleva v. Va. Beach City Pub. Sch.*, 364 Fed.Appx. 820, 825 (4th Cir.2010) and *Hamm v. Rhone–Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 948 (8th Cir.1999)); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.")

  A review of the Complaint reveals that Plaintiff's claims are *not* based upon the apparently later-added banner and telephone number disclaimer allegedly on Defendant's website as of the date of its Memorandum. Similarly, Plaintiff's allegations contained within his Complaint are alleged solely against Defendant. As such, any reference to other litigation is not only not referenced or incorporated in Plaintiff's Complaint, but is irrelevant and not probative to *Defendant's* motion to dismiss, and solely meant to create prejudice against Plaintiff. *Johnson v. Roque*, No. 1:13-cv-1628-AWI-SMS, 2013 WL 6574073, at *3 (E.D. Cal. Dec. 13, 2013), *adopted in full*, 2014 WL 791521, at *1 (E.D. Cal. Feb. 25, 2014) ("Serial litigation is not, by itself, inherently wrong."); *De La Rosa v. Lewis Foods of 42nd Street, LLC*, 124 F. Supp. 3d 290, 293 n.5 (S.D.N.Y. 2015) (stating that the fact that the ADA plaintiff is a "frequent filer" who is a

plaintiff in dozens of cases "does not affect the Court's analysis"); *Colorado Cross Disability Coalition v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014) ("anyone who has suffered an invasion of the legal interest protected by Title III may have standing, regardless of his or her motivation in encountering the invasion"); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332 (11th Cir. 2013) ("The substantive right conferred by [the ADA] statute is to be free from disability discrimination in the enjoyment of the facility, regardless of [plaintiff's] motive for visiting the facility."); *Morales v. Ralphs Grocery Co.*, No. 1:12-cv-00742-AWI-SKO, 2012 WL 6087699, at *8 (E.D. Cal. Dec. 6, 2012) ("the Ninth Circuit has indicated that district courts should not necessarily condemn serial ADA litigation"); *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 724 (7th Cir. 2011) ("it's not unlawful to be a professional . . . plaintiff") (Posner, J.); *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1056 (9th Cir. 2009) ("[T]he term 'professional,' as in 'professional plaintiff,' is not a 'dirty word,' *see Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006), and should not itself undermine one's ability to seek redress for injuries suffered . . . ."); *Molski v. Evergreen Dynasty Corp.*, 521 F.3d 1215, 1220 (9th Cir. 2008) ("while self-interest surely drives serial access litigation in part, the reason there *can* be so many lawsuits about access to public accommodations is that there are so many violations of the laws that seek to assure access.") (Berzon, J., dissenting from denial of rehearing en banc) (emphasis in original); *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008) ("For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA.") (quoting *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007)); *Holloway v. Full Spectrum*

*Lending*, Case No. CV 06-5975 DOC (RNBx), 2007 WL 7698843, at *8 (C.D. Cal. June 26, 2007) (citing *Murray*) ("Next, [defendant] argues that [plaintiff] is a "professional plaintiff" who is closely tied to her lawyers. **The Court agrees with the Seventh Circuit that nothing in the [federal statute at issue] precludes a plaintiff from suing multiple parties that have violated her rights**.") (emphasis added); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 733 (9th Cir. 2007) ("One need not be a client or customer of a public accommodation to feel the sting of its discrimination.") ("Title III's broad general rule contains no express 'clients or customers' limitation . . . .") (quoting *PGA Tour v. Martin*, 532 U.S. 661, 679 (2001)); *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006) ("testers" "usually are praised rather than vilified").

Further, for purposes of deciding the instant Motion, Defendant's statements of alleged evidence are additionally inadmissible as hearsay (Fed. R Evid. 801, 802), lack foundation (Fed. R. Evid. 602), are unauthenticated (Fed. R. Evid. 901), irrelevant (Fed. R. Evid. 402), and to the extent the Court determines Defendant's outside "evidence" is relevant to Plaintiff's Complaint against Defendant, it is more prejudicial than probative (Fed. R. Evid. 403).

Finally, Defendant should not be permitted to transform its motion to dismiss into a motion for summary judgment merely by adding in unsubstantiated and unauthenticated "facts." Generally, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). More importantly, a motion to dismiss cannot be converted into a motion for summary judgment unless the Court has afforded "the parties . . . an opportunity to submit additional materials." *Nubenco Enterprises, Inc. v. Inversiones Barberena, S.A.*, 963 F. Supp. 353, 361 (D.N.J. 1997). The Court must notify

the nonmoving party "of its intention to convert the motion" from a motion to dismiss into a motion for summary judgment and must afford the nonmoving party "an opportunity to submit materials admissible in a summary judgment proceeding." *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 284 (3d Cir. 1991) (quoting *Rose v. Bartle,* 871 F.2d 331, 342 (3d Cir. 1989); *Finley Lines Joint Protective Bd. Unit 200, Broth. Ry. Carmen, a Div. of Transp. Communications Union v. Norfolk Southern Corp.*, 109 F.3d 993, 996 (4th Cir. 1997) ("If a motion to dismiss supported by extraneous materials automatically converts to a summary judgment motion upon service, the discretion Rule 12(b)(6) vests in the district court to determine whether or not to "exclude" matters outside the pleadings would be eliminated.") (citations omitted).

If the matter is however converted into a motion for summary judgment, Fed. R. Civ. P. 56 applies. *See, e.g., Boyle v. Governor's Veterans Outreach & Assistance Ctr.,* 925 F.2d 71, 74 (3d Cir. 1991). Summary judgment is especially inappropriate here where the pleadings are not at issue, discovery has not commenced, and certain alleged "facts" are only within the moving party's knowledge. *Gay v. Wall,* 761 F.2d 175, 177–78 (4th Cir.1985) (holding that it was an abuse of discretion for the trial court to convert a motion to dismiss into a motion for summary judgment where the plaintiff had not had a reasonable opportunity for discovery). Thus, a summary judgment motion should not be granted at such an early stage in the proceedings. *Reed, Wible & Brown, Inc. v. Mahogany Run Dev. Corp.,* 550 F. Supp. 1095, 1098 (D.V.I. 1982).

Dated: December 8, 2017                                        Respectfully submitted,

                                                               /s/ Thomas E. Strelka
                                                               Thomas E. Strelka, Esquire

L. Leigh R. Strelka, Esquire
STRELKA LAW OFFICE, P.C.
Warehouse Row
119 Norfolk Avenue, SW, Suite 330
Roanoke, VA 24011
(540) 283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com

*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December, 2017, the foregoing was electronically field with the Clerk of Court using the CM/ECF system, which will send notification to the following:

John M. Bredehoft, Esquire
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
jmbredehoft@kaufcan.com

Randy C. Sparks, Jr., Esquire
KAUFMAN & CANOLES, P.C.
Two James Center
1021 East Cary Street, Suite 1400
Richmond, VA 23219
rcsparks@kaufcan.com

*Counsel for Defendant*

/s/ Thomas E. Strelka
Thomas E. Strelka, Esquire
L. Leigh R. Strelka, Esquire
STRELKA LAW OFFICE, P.C.
Warehouse Row
119 Norfolk Avenue, SW, Suite 330
Roanoke, VA 24011
(540) 283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com

*Counsel for Plaintiff*